# EXHIBIT
## "A"

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

HARRY GILARNO, individually and          CIVIL DIVISION
d/b/a GILARNO's  AUTO REPAIR
INC.   aka Gilarno's Auto Repair          )

                Plaintiff          )

v.          )

                          )          NO: _13343-2009_

THE BOROUGH OF FREEDOM, The
BOROUGH COUNCIL OF THE BORO
OF FREEDOM,  John V. Kaercher,
Victoria H. Greco, Jaqueline Golletti,
Dari Allman, and Deborah Dominicus
*Individually and in their capacity as
Council persons* and *Donald
Zehn, individually and in his capacity
as Mayor of the Borough of Freedom*

                Defendants

FILED OR ISSUED
2009 DEC 11  A 9 58
NANCY WERME
PROTHONOTARY
BEAVER COUNTY, PA

RECEIVED
SHERIFF'S OFFICE
2009 DEC 11  A 9: 1
BEAVER COURT

COMPLAINT IN CIVIL ACTION

Filed on Behalf of the PLAINTIFFS:

HARRY GILARNO, et al.

Counsel of Record for this party:

Mark A. Ciccarelli, Esquire

4019 Forest Drive
Aliquippa, PA  15001

724-252-0030
PA ID # 50633

Mark.ciccarelli@comcast.net

JURY TRIAL DEMANDED

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | |
|---|---|
| HARRY GILARNO, individually and d/b/a GILARNO's AUTO REPAIR INC. | CIVIL DIVISION |
| Plaintiff ) | |
| v. ) | NO: _____ |
| THE BOROUGH OF FREEDOM, The ) BOROUGH COUNCIL OF THE BORO OF FREEDOM, John V. Kaercher, Victoria H. Greco, Jaqueline Golletti, Dari Allman, and Deborah DeDominicus *Individually and in their capacity as Council persons* and the MAYOR OF THE BORO OF FREEDOM, Donald Zahn, *individually and in his capacity as Mayor of the Borough of Freedom* | |
| Defendants | |

## Notice

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers Referral Service
Beaver County Bar Association
755 Fourth St.
P.O. Box 37
Beaver, PA 15009
(412) 728-4888

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

HARRY GILARNO, individually and          CIVIL DIVISION
d/b/a GILARNO's AUTO REPAIR
INC.                      ).

           Plaintiff        )

v.                    )     NO: _____

THE BOROUGH OF FREEDOM, The
BOROUGH COUNCIL OF THE BORO
OF FREEDOM, John V. Kaercher,
Victoria H. Greco, Jaqueline Golletti,
Dari Allman, and Deborah DeDominicus
*Individually and in their capacity as
Council persons* and the MAYOR OF
THE BORO OF FREEDOM, Donald
W. Zahn, *individually and in his capacity
as Mayor of the Borough of Freedom*

           Defendants

## COMPLAINT

    AND NOW comes the Plaintiffs, Harry Gilarno t/d/a Gilarno's Auto Repair, Inc., and
sets forth the following Complaint, against the Defendants Borough of Freedom and the
following named Defendants John V. Kaercher, Victoria H. Greco, Jaqueline Golletti, Dari
Allman, Deborah Dominicus and Donald W. Zahn in their capacity as elected officials of the
Borough and as individuals, and in support thereof avers as follows:

## PARTIES

1)    The Plaintiff Harry Gilarno, is an adult individual who resides at 1110 Hillman
Street, Freedom, Beaver County, PA 15042.

2)    The Plaintiff Gilarno's Auto Repair Inc., is an active Pennsylvania Corporation,
and doing business at 899 3rd Avenue, Freedom, Beaver County, PA 15042.

3)    The Plaintiff, Harry Gilarno, is the sole officer and 100% stock owner of
Gilarno's Auto Repair Inc.

4)    The Plaintiff, Harry Gilarno, is the owner of 899 3rd Avenue, Freedom, PA
15042 and leases the said property to the Corporation known as Gilarno's Auto

Repair, Inc.

5) The Borough of Freedom is located at 901 3rd Avenue, Freedom, County of Beaver, PA 15042.

6) The Borough of Freedom, is a regional governing body and/or municipal corporation and is a political subdivision of the Commonwealth of Pennsylvania.

7) At all times relevant hereto, the named parties above, were members of the Council of the Borough of Freedom, and/or the Mayor of the Borough of Freedom.

8) The Defendant John V. Kaercher is an adult individual residing at 1500 8th Avenue, Freedom, Beaver County, PA 15042.

9) The Defendant Kaercher, is a member of the Council of the Borough of Freedom, and is Council President.

10) The Defendant Jacqueline Golletti is an adult individual, residing at 1350 8th Avenue, Freedom, Beaver County, PA 15042.

11) The Defendant Golletti is a member of the Council of the Borough of Freedom.

12) The Defendant Victoria H. Greco is an adult individual residing at 1325 8th Avenue, Freedom, Beaver County, PA 15042.

13) The Defendant Greco is a member of the Council of the Boro of Freedom.

14) The Defendant Deborah DeDominicus is an adult individual residing at 1285 6th Avenue, Freedom, Beaver County, PA 15042.

15) The Defendant DeDominicus is a member of the Council of the Boro of Freedom.

16) The Defendant Darl Allman is an adult individual, residing at 1040 8th Avenue, Freedom, Beaver County, PA 15042.

17) The Defendant Allman is a member of the Council of the Boro of Freedom.

18) The Defendant Donald W. Zahn, is an adult individual, residing at 301 5th Avenue, Freedom, Beaver County, PA 15042.

19) The Defendant Zahn is the Mayor of the Boro of Freedom as well as the Code Enforcement officer for the Borough.

## FACTUAL BACKGROUND

20) Plaintiffs have been operating an auto repair and towing business at 899 3rd Avenue, Borough of Freedom, Beaver County since 1993.

21) Plaintiffs business and scope of operations have not changed from inception to the present time.

22) The Plaintiffs operates the only auto repair licensed Pennsylvania inspection and emission station and towing enterprise within the Borough of Freedom.

23) From 1993 until sometime in 2007, the Plaintiff had performed vehicle repair and maintenance on Borough vehicles.

24) From 1993 to 2007, the Plaintiff had also been the exclusive towing entity for the Borough and Borough police force.

25) Since January of 2008, the Plaintiff has been denied the opportunity to do repair/maintenance work on Borough vehicles as well as being called to do any towing in the Borough because of the direct acts of the Borough Council and Mayor.

26) Plaintiffs have not had any issues or legal difficulties in the operation of the business with the Borough until on or about August 28, 2007 when Plaintiffs received a certified letter from the Borough Solicitor indicating they were in violation of Borough Ordinance Chapter 197-3(B). A true and correct copy of same is attached hereto and made part hereof and marked at Exhibit "A".

27) Prior to that, the Plaintiff, Harry Gilarno, had been publically critical on numerous occasions of the Mayor, and members of Council of the Borough regarding the administration and operation of the Borough.

28) The Mayor of the Borough has a well know personal animus against the Plaintiff's, which has been demonstrated via verbal confrontations at various public meetings of the Borough.

29) The members of Borough Council as named have a well know personal animus against the Plaintiffs.

30) The letter advised that the Plaintiffs were storing "nuisance" vehicles on the property at 899 3rd Avenue and that they were not properly in a fenced enclosure. (see Exhibit "A")

31) Subsequent thereto, the Plaintiffs received a non traffic criminal citation dated October 16, 2007, issued by the former Chief of the Borough of Freedom Police, Dean A. Custozzo. A true and correct copy of the Citation is attached hereto and marked as Exhibit "B".

32) The Mayor of Freedom, Donald W. Zahn and/or John V. Karecher and/or other named members of the Borough council directed Chief Custozzo to file the said citation against the Plaintiffs.

33) The Citation charged a violation of Freedom Borough Ordinance 197-2, indicating an outside storage of nuisance vehicles and was assigned case number NT 1060-07 by the issuing authority.

34) A lengthy hearing was held before District Justice Edward C. Howe, MID 36-02-0, on February 7, 2008. Chief Custozzo, Mayor Zahn and Council President Karecher attended the hearing.

35) The Borough Solicitor at that time, Chrystal Tinstman, prosecuted the action on behalf of the Borough at the direction of the said Mayor and Council.

36) District Justice Howe, found the Plaintiffs not guilty of violating Chapter 197-2 of the Borough of Freedom. A true and correct copy of his finding is attached hereto and marked as exhibit "C".

37) The Borough sought no appeal from the ruling of the District Justice.

38) The ordinance at issue, was first authored in 1972 at number 414, and then amended in 1990, 2007 and 2007 & 2008. A true and correct copy of the ordinances including all amendments is attached hereto and made a part hereof, and marked as exhibit "D".

39) The original ordinance from 1972 in Section IV makes any violation thereof criminal in nature and provides for fines and/or imprisonment. The criminal penalty was amended in 1990 by ordinance number 483 to increase the fines and imprisonment time.

40) The nature of the offense and definitional sections, were amended in 2005 and 2007 by ordinances numbers 538 and 549. (see Exhibit "D") .

41) The Borough Code, 53 P.S. § 48301, specifically provides as follows:
"Any violation or failure to comply with any provision of any borough ordinance shall constitute a *summary offense and prosecution for every such offense shall be according to the practice in the case of summary convictions.*"

42) The ordinance at issue is criminal in nature because it is imposing a penalty of a fine of not more than $300 or imprisonment, in accord with the Borough Code. See 53 P.S. § 48307.

43) The Borough elected to commence the present action by citation, Pa.R.Crim.P. 51(a)(2), 52, and 53(b).

44) Since the Borough has elected to use a citation to enforce the ordinance, it is criminal in nature and double jeopardy attaches to the defendant.

45) Pa.R.Crim.P. 86(a) is very explicit in declaring coverage of appeals in summary proceedings involving ordinances like the one in this case.

46) Rule 86 provides in pertinent part: RULE 86. APPEALS FROM SUMMARY JUDGMENTS a) When an appeal is authorized by law in a summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within thirty (30) days after the conviction or other final order from which the appeal is taken. The notice of appeal shall be filed with the officer of the court of common pleas designated to receive such papers

47) The Boro has no right of appeal from the district justice's verdict of not guilty. Pennsylvania law is well settled that no appeal lies from a judgment of acquittal in a criminal proceeding by the prosecution.

48) Despite the clear mandate of law, the Defendants, acting in their official capacities and as individuals, elected to file a civil complaint in Equity, against the same Defendants on or about March 21, 2008.

49) A true and correct copy of the amended complaint in equity is attached hereto and made part hereof and marked as exhibit "B".

50) The parties named in the equity case at 10795 of 2008, Court of Common Pleas of Beaver County are the same as set forth in the above referenced citation. (exhibit "B")

51) The matters complained of in the said complaint, are verbatim to the violations asserted in the citation.

52) The criminal matter filed for District Justice Howe, is Res Judicata.

53) Following Plaintiff's presentation of a reproduced record, along with a motion for summary judgment and brief and oral argument, the Honorable Deborah Kunselman by opinion and order dated July 9, 2009 granted Plaintiff's motion for summary judgment. A true and correct copy of the opinion and order, is attached

hereto and made part hereof and marked as exhibit "F".

54) Since October of 2007, the Mayor of the Borough and/or the named Borough Council members have instructed the Borough Police Department to not use the Plaintiffs for any towing needed in the Borough.

55) The Boroughs refusal to not utilize the Plaintiff's services which they had done for the past twenty years was retaliatory to his prevailing in the criminal citation matter.

56) The Boroughs refusal to patronize the Plaintiffs is in direct contravention of a recorded Borough policy passed in July of 2007 to support/favor local businesses in the Borough for auto repair.

57) By a memo dated by October 24, 2007, authored by the Borough Solicitor, all Borough employees, the Mayor and Council members were directed to not communicate with the Plaintiff.  A true and correct copy of said memo is attached hereto and made a part hereof and marked as exhibit "G"

58) A former police officer of the Borough, was reprimanded by a letter dated February 14, 2008 authored by the former Chief of Police, and Mayor for *"being observed at the Plaintiff's place of business in a police car on Borough time without any police related purpose and in direct defiance of the recent directives given by the Chief, the Mayor and the Council."*  A true and correct copy is attached hereto and marked as exhibit "H".

59) Because the Plaintiff Harry Gilarno is the Fire Chief of the Borough, a subsequent directive was issued dated February 20, 2008 by the same solicitor at the direction of the Council and Mayor, permitting conversations with said Harry Gilarno in his official capacity as Fire Chief for "emergency" situations. A true and correct copy of which is attached here to and marked as Exhibit "I".


## COUNT I – WRONGFUL USE OF CIVIL PROCEEDINGS

60) Paragraphs 1 – 57 are incorporated herein by reference.

61) The Commonwealth of Pennsylvania has codified the tort of Wrongful use of Civil Proceedings in 42 Pa.C.S.A. § 8351.

62) The elements of the offense are set forth as follows:

*(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other*

*for wrongful use of civil proceedings:*

*(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and*

*(2) The proceedings have terminated in favor of the person against whom they are brought.*

63) The Defendants have filed the above referenced civil complaint in equity against the Plaintiffs, without probable cause in that:

a.) The ordinance at issue unequivocally makes the asserted offense criminal in nature by providing for a fine and/or imprisonment.

b.) Pennsylvania law is clear that The Borough Code, 53 P.S. § 48301, provides that any violation or failure to comply with any provision of any borough ordinance shall constitute a summary offense and prosecution for every such offense shall be according to the practice in the case of summary convictions.

c.) The Defendant's via their Police Department filed a non traffic citation summary offense against the Plaintiffs.

d.) The Plaintiffs were found not guilty by the District Justice MJD 36-02-01.

e.) There is no appeal from an acquittal in a criminal matter in the Commonwealth.

f.) There is no probable cause to file a civil complaint in equity, as the only recognized legal methodology by law is to proceed using a non traffic citation since the penalty under the ordinance at issue is criminal in nature.

g.) The complaint was filed without any regard for the truth of the matters asserted and without reasonable investigation or inquiry by the filing party.

h.) The complaint as filed by the Defendant's had no reasonable basis to believe any of the allegations made were true.

i.) There is no reasonable belief that the claim could be valid under Pennsylvania Law.

j.) There is no good faith belief of validity of the claim, despite full disclosure of all relevant facts to the Defendants.

k.) The primary purpose for which suit was brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based, but was rather done for retaliatory purposes and sought in bad faith.

64) The Defendant's have filed the above referenced civil complaint in equity in a grossly negligent manner in that:

a.) The verdict of the District Justice is as a matter of law, Res Judicata.

b.) The complaint at issue provides no notice of which vehicles alleged to be nuisances are complained of.

c.) The ordinance at issue throughout all of its amendments mandates in pertinent part, that the property owner shall be given notice that shall specify condition or structure or improvement complained of.

d.) The doctrine of Laches applies since the case as filed was in equity and the Plaintiffs have conducted the same business operations at the referenced premises for over twenty years without incident.

e.) The complaint in equity was knowingly filed being baseless and without any legal merit.

f.) The Defendant's acted in the totality of the circumstances with a gross deviation from the standard of conduct that a reasonable person would observe.

g.) The Defendants have acted in a grossly negligent manner in filing a civil complaint for the exact same alleged infraction, as the only recognized legal methodology is to proceed using a non traffic citation.

65) The proceedings in the case were terminated in favor of the Plaintiffs by the Honorable Deborah Kunselman in an opinion and order dated July 9, 2009 at 10795 of 2008 Court of Common Pleas of Beaver County.

66) No appeals have been taken by the Defendants from that order.

67) The motivation for filing such a complaint was vindictive, retaliatory, an abuse of office and knowingly without any legal merit.

68) The Plaintiff avers that said actions were in part motivated by the named defendant's personal dislike of the Plaintiff and his business as individuals.

69)     In addition to acting in their official capacity, the individual Defendant's also acted in their capacity as individuals.

WHEREFORE The Plaintiff demands judgment is in an amount in excess of $25,000 as follows:

a.)     Monetary damages including but not limited to loss of revenue from towing and repairs.

b.)     Damages and attorney's fees in accord with 42 Pa.C.S.A. § 8351 et. seq. Including but not limited to:

(i.)     The harm to Plaintiffs reputation by defamatory matter alleged as the basis of the proceedings.

(ii)     The expense, including any reasonable attorney fees, that he has reasonably incurred in defense.

(iii)     Pecuniary losses that have resulted.

(iv)     Emotional distress caused by the proceedings.

(v)     Punitive damages

## COUNT II – VIOLATION OF PLAINTIFF'S DUE PROCESS AND FREEDOM OF SPEECH

70)     All of the foregoing paragraphs are incorporated herein by reference as if more fully set forth.

71)     At all times relative hereto, the Plaintiffs engaged in lawful conduct in operating an auto repair and towing business in the Borough of Freedom.

72)     A substantial or motivating factor to pursue the Plaintiff with a Civil Action in Equity at 10795 of 2008 Court of Common Pleas of Beaver County was because of Plaintiffs being publically critical against the named Mayor and Council members.

73)     A substantial or motivating factor to pursue the Plaintiff with a Civil Action in Equity at 10795 of 2008 Court of Common Pleas of Beaver County was because the Plaintiff was found not guilty by the District Justice – which was the sole legal

method available to prosecute the Plaintiffs.

74) A substantial or motivating factor in the decision to pursue the Plaintiff with a Civil Action was because of personal animus between the Mayor and named Council members against the Plaintiff.

75) A substantial or motivating factor in the decision to pursue the Plaintiff with a Civil Action was because was to harass, annoy, oppress and to drive the Plaintiff out of business.

76) Such conduct shocks the conscience and amounts to an arbitrary, intentional and capricious violation of the due process rights secured to the Plaintiff's by the 14th amendment to the United States Constitution. (See Exhibit "G")

77) The Defendants openly ordered all Borough employees not to speak to the Plaintiff, defiling the employees and the Plaintiff's first amendment rights.

78) As set forth above, Borough employees were directed not to speak to the Plaintiffs at the direction of the named Defendants. In fact, a Borough police officer was punished in part, for being observed being in the Plaintiff's parking lot speaking to the Plaintiff. (see Exhibit "H")

79) The maintaining of junk yards in the Borough has been illegal since 1972.

80) There are no junkyards in the Borough, or junk yards permitted as non conforming permissible uses.

81) The amendments to the Boroughs ordinance regarding Chapter 197 in 2005 and 2007, numbered 538 and 549 were specifically aimed and directed at the Plaintiff since he operates the only auto repair and towing business in the Borough.

82) Said actions of the Borough have violated the Plaintiff's constitutional rights against Bills of Attainder.

83) The ordinances at issue are unreasonable, oppressive and lack any rational relation to regulating or controlling junk yards, since the Borough has no junkyards nor can any junkyards be maintained as a non conforming use.

84) Ordinances number 538 and 549 are illegally aimed at and single out the Plaintiff and his business.

85) The amendments to the ordinances in 2005 and 2007, being specifically passed to target the Plaintiff, were designed to cause him to cease doing business and/or make it financially impossible for him to continue.

86)   The above was designed to be a constructive taking of the Plaintiff's property

87)   As evidence thereof, the intent of the ordinance was to require the Plaintiff to store all vehicles he was working on in a fenced in area, no larger than 400 square feet. This would demonstrate an area measuring 20' x 20', which could only hold two vehicles.

88)   The Borough has taken punitive action against the Plaintiff, merely because the Mayor and named Council members did not like the appearance of his business.

89)   The Plaintiffs have been damaged by the Defendant's conduct in that they have had a substantial loss of revenue from being banned from the towing rotation, including Harry Gilarno's emotional distress and public humiliation along with other physical illnesses caused by Defendants conduct.

90)   At all relevant times, the Council members and Mayor acted to circumvent the Due Process rights of the Plaintiff while they were in decision making and influential positions with the Borough.

91)   Despite the heightened requirements regarding Council members who are in a position of influence as well as each member's knowledge of the same, they have acted with reckless disregard in their obligation to protect and preserve due process and avoid the appearance of bias.

92)   The actions of the Mayor and the Council of the Borough of Freedom demonstrate a deliberate, biased and deliberate course of action to persecute the Plaintiff's abusing their public office.

93)   The authorizing and filing and litigation of the civil action in equity was arbitrary, unreasonable and violative of the United States and Pennsylvania Constitutions.

94)   This action is brought in part, under 42 U S C section 1983 to recover damages, expenses and loses as well as attorney fees resulting from the Borough of Freedom's violation of the Plaintiff's constitutional rights.

WHEREFORE the Plaintiffs demands judgment in an amount in excess of $25,000 as follows:

a.)   Violation of 42 USC section 1983.

b.)   Emotional distress and other physical illnesses inflicted to the Plaintiff Harry Gilarno, caused by Defendants conduct.

c.)   Damage to reputation and good will; and

d.)   Attorney's fees.

## COUNT III - DISCRIMINATORY TREATMENT IN VIOLATION OF
## THE EQUAL PROTECTION CLAUSE

95)   All of the foregoing paragraphs are incorporated herein by reference as if fully set forth.

96)   The Defendant's actions resulted in the application of different standards and requirements to the Plaintiffs than were applied to other property owners, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

97)   The actions of the Mayor and Freedom Council members demonstrate a deliberate biased and planned course of action to deny the Plaintiff equal protection rights.

98)   Being the sole auto repair and towing business in the entire Borough, the ordinances at issue (exhibit "D") were amended in 2005 and 2007 to discriminate against the Plaintiffs specifically.

99)   In reality, the Defendant's attempted to rezone the Plaintiff's property, which would be impermissible under Pennsylvania law, by creative an artifice of using their "police power" in a purely discriminatory and retaliatory fashion.

100)  The actions of all the Defendants shocks the conscience and has resulted in and demonstrates dissimilar treatment of the Plaintiffs and has resulted in excessive burdens and undue hardship upon the Plaintiffs.

101)  There was no rational basis for the Defendants to treat the Plaintiffs in such a dissimilar manner as compared to others who have voiced other opinions or concerns or grievances to the Borough.

WHEREFORE, as a direct and proximate result of these constitutional violations, the Plaintiffs have been damaged in an amount in Excess of $25,000.00 as follows:

a.) Monetary damages, including but not limited to loss of revenue and Emotional distress and other physical illnesses inflicted to the Plaintiff Harry Gilamo, caused by Defendants conduct.

b.) Damage to reputation and good will; and

c.) Attorney's fees and costs.

And the Plaintiff further prays that:

a.) As to all Counts, this court enters a judgment for Plaintiff awarding compensatory and punitive money damages, attorney fees and interest and costs.

b.) This Court enter a judgment for the Plaintiff such other relief as deemed equitable and just.

Respectfully Submitted,

Mark A. Ciccarelli, Esquire

Attorney for the Plaintiffs

## VERIFICATION

I, Harry Gilarno, on behalf of myself as an individual, and as an officer of Gilarno's Auto Repair, Inc., verify that the statements made in the Forgoing Complaint in Civil Action are true and correct to the best of my knowledge, information and belief. I understand that such statements are made subject to penalty of 18 PA CSA section 4904, relating to unsworn falsification to authorities.

DATE: 12/7/09

Harry Gilarno

Harry Gilarno, President of Gilarno's Auto Repair, Inc.

**DAMIAN, AMATO & START, P.C.**

A PROFESSIONAL CORPORATION
601 BROAD STREET
POST OFFICE BOX 353
SEWICKLEY, PA 15143

612-749-1000

TELEFAX
412-749-0330

WWW.SEWICKLEYLAW.COM

CARMEN R. DAMIAN
JAMES D. AMATO
RICHARD E. START
CHRYSTAL C. TINSTMAN
JEFF A. HOLLOWOOD

1528 - 1968

August 28, 2007

VIA CERTIFIED MAIL & REGULAR MAIL

Gilamo's Auto
899 Third Avenue
Freedom, Pennsylvania 15042

In Re:   Nuisance Vehicles

Dear Sir/Madam:

Please accept this correspondence as notice that you are in violation of the Freedom Borough Code of Ordinances, specifically, Chapter 197-3(B). You have several vehicle nuisances stored outside that are not appropriately fenced. Furthermore, your storage area for the nuisance vehicles exceeds four (400) hundred square feet. As such, according to Chapter 197-4(B), you are required to rectify this condition within ten (10) days of this correspondence and, thereafter, fully comply with requirements of the Ordinance. If you fail to meet this deadline, the Borough will issue fines of $300.00 per violation per each day that the violations continue.

If you have any questions or problems, please contact either myself or the Borough's Code Enforcement, Don Zahn.

Sincerely,

DAMIAN, AMATO & START, P.C.

Chrystal C. Tinstman, Esquire

CCT/rmp

cc:   Borough of Conway
     Code Enforcement

# EXHIBIT "A"



EXHIBIT "B"

COMMONWEALTH OF PENNSYLVANIA



COUNTY OF BEAVER

## EDWARD C. HOWE

### MAGISTERIAL DISTRICT JUDGE

Magisterial District 36-2-01
359 Third Avenue
Freedom, PA 15042

Tel   724-774-0840                                                        Fax   724-774-3231

February 20, 2008

Solicitor Chrystal Ciampoli-Tintsman
P.O. Box 353
Sewickley, PA 15143

Attorney Mark Ciccarelli
4019 Forest Drive
Aliquippa, PA 15001

Re:     Docket Number NT-1060-07, Citation # P6267925-6
        Defendant Harry Gilarno

Dear Madam and Sir:

        After careful review of the testimony given on February 7, 2008, and the Supreme
Court cases cited, this court has rendered a decision on NT-1060-07.  It is found that Mr.
Gilarno has a repair and towing business.  When he tows a vehicle into his lot from an
accident, he estimates the vehicle will be on the property from 3 to 8 days.  The other
vehicles are on the property for repairs.  He has been in business for over twenty years in
the borough.  It is considered a repair business, not a body shop or junkyard.  For this
reason, Mr. Gilarno has been found NOT GUILTY on NT-1060-07.

                                    Sincerely,

                                    Edward C. Howe
                                    Magisterial District Judge

ECH/dgf

# EXHIBIT "C"

## DAMIAN, AMATO & START, P.C.

A PROFESSIONAL CORPORATION
601 BROAD STREET
POST OFFICE BOX 359
SEWICKLEY, PA 15143

URBAN R. DAMIAN*
WES D. AMATO
CHARD K START
ITK M. DIERSEN

*58 - 1956

412 - 749-1000

TELEFAX
412 - 749-0330

WWW.SEWICKLEYLAW.COM

December 18, 2009

Malagise & Associates
99 Bridge Street, Suite 6
Bridgewater, PA 15009

Re:     Freedom Borough Insurance Coverage
        Harry Gilamo v. The Borough of Freedom
        No. 13343-2009

Dear Laurie,

Enclosed please find the Complaint in Civil Action, Harry Gilamo v. The Borough of Freedom, filed December 11, 2009. Please provide defense and indemnification pursuant to the applicable insurance policy(ies). This suit was served on the Borough today, December 18, 2009 and therefore your immediate action is required.

Thank you for your time and cooperation.

Sincerely,

DAMIAN, AMATO & START, P.C.

Kate M. Diersen

BOROUGH OF FREEDOM

ORDINANCE NO. 414

AN ORDINANCE OF THE BOROUGH OF FREEDOM, BEAVER COUNTY, PENNSYLVANIA, FORBIDDING THE OPEN STORAGE OF ABANDONED OR JUNKED MOTOR VEHICLES; AND PROVIDING PENALTIES FOR VIOLATION THEREOF.

WHEREAS, the open storage of abandoned or junked motor vehicles causes or creates attractive nuisances contributing to the likelihood of personal injuries to children attracted thereto; and

WHEREAS, the open storage of such motor vehicles creates a situation that invites trespass and thievery in the Community as people may be tempted to search said abandoned or junked motor vehicles in order to secure or collect usuable "junk" items and replacement parts; and

WHEREAS, the open storage of such motor vehicles within the Borough of Freedom invites rats and other such rodents to build nests and find shelter in, under and among such stored vehicles; and

WHEREAS, the Borough Code, Article III, Section 1202, Subparagraph (5) authorizes Borough Councils to prohibit and remove any nuisance, including the storage of abandoned or junked motor vehicles:

NOW, THEREFORE, BE IT ORDAINED AND ENACTED by the Town Council of the Borough of Freedom, County of Beaver, Pennsylvania, as follows:

SECTION I.  The Town Council of the Borough of Freedom has determined that the open storage of abandoned or junked motor vehicles on private property within the limits of the Borough of Freedom is detrimental to the health, safety, general welfare and cleanliness of the Borough of Freedom and of the inhabitants thereof, and particularly the children of the Community.

SECTION II.  From and after the effective date of this Ordinance it shall be unlawful for any person, partnership, cooperation or association to store in the open, upon any land in the Borough of Freedom, any abandoned or junked motor vehicle or vehicles unless the same shall be within a lawfully erected other building.

EXHIBIT "D"

SECTION III.  For the purpose of this Ordinance a motor vehicle shall be deemed to be abandoned or junked when it

(a)  Does not have a current license plate;

(b)  Does not have a current inspection sticker;

(c)  Is inoperable by reason of mechanical breakdown, including but not limited to missing or broken essential parts such as wheels, axles, transmission, differential, steering apparatus or braking system; or

(d)  Is inoperable by reason of unrepaired collision damage.

SECTION IV.  Any person convicted of violating any of the provisions of this Ordinance before a District Magistrate for the Borough of Freedom, or elsewhere in Beaver County, Pennsylvania, shall be fined not less than $10.00 nor more than $20.00.  In default of payment of such fine such person shall be committed to the Beaver County Jail for a period not in excess of five (5) days.  Violations of this Ordinance shall be prosecuted as a Summary Conviction and the matter of Appeal, and all other such related matters, shall be governed by the laws of the Commonwealth of Pennsylvania applicable to Summary Convictions.

SECTION V.  No charges shall be filed against any person under the provisions of this Ordinance unless a written notice specifying the vehicle or vehicles deemed to be in open storage in violation of the provisions of this Ordinance shall first be given to the owner, lessee or occupier of the land at least thirty (30) days before the filing of charges.  Such notice may be given by certified mail, or by personal service by a Borough Policeman or Constable.

SECTION VI.  Each day that any such open storage shall continue upon any land in the Borough of Freedom following the giving of the required thirty (30) days notice shall constitute a separate and distinct violation of this Ordinance.

SECTION VII.  The provisions of this Ordinance are determined to be severable and in the event that any Section is deemed to be unlawful or unconstitutional such finding shall not affect the remainder of such Ordinance.

SECTION VIII.   That any Ordinance, or part of Ordinance, conflicting with this Ordinance be and the same is hereby repealed insofar as the same affect this Ordinance.

ADOPTED this 12th day of June, 1972.

_____(SEAL)
President of Council

ATTEST:

_____
Borough Secretary

APPROVED this 10th day of July, 1972.

_____
Mayor

BOROUGH OF FREEDOM
BEAVER COUNTY, PENNSYLVANIA

ORDINANCE NO. 423

AN ORDINANCE OF THE BOROUGH OF FREEDOM, BEAVER
COUNTY, PENNSYLVANIA, AMENDING ORDINANCE NO.
414 OF THE BOROUGH OF FREEDOM FORBIDDING THE
OPEN STORAGE OF ABANDONED OR JUNKED MOTOR
VEHICLES AND PROVIDING PENALTIES FOR VIOLATION
THEREOF.

BE IT ORDAINED AND ENACTED by the Town Council of the

Borough of Freedom, Beaver County, Pennsylvania, and it is hereby

ordained and enacted by the authority of the same as follows:

SECTION 1:  Section IV of Ordinance No. 414 is hereby

amended to read as follows:

Any person, firm or corporation who shall violate any
provision of this Ordinance shall, upon conviction
thereof, be sentenced to pay a fine of not more than
$300.00, and in default of payment, to imprisonment for a
term not to exceed thirty (30) days.

SECTION 2:  Section V of Ordinance No. 414 is hereby amended

to read as follows:

No charges shall be filed against any person under the
provisions of this Ordinance unless a written notice
specifying the vehicle or vehicles deemed to be in open
storage in a violation of the provisions of this Ordinance
shall first be given to the owner, lessee or occupier of
the land at least fourteen (14) days before the filing of
charges.  Such notice may be given by certified mail, or

S. LEWIS, P.C.
AT LAW
8) AVENUE

by personal service by a Borough Police Officer or Constable.

**SECTION 3:** Section VI of Ordinance No. 414 is hereby amended to read as follows:

Each day that any such open storage shall continue upon any land in the Borough of Freedom following the giving of the required fourteen (14) days notice shall constitute a separate and distinct violation of this Ordinance.

**SECTION 4:** All Ordinances or parts of Ordinances which are inconsistent herewith are hereby repealed.

**SECTION 5:** If any sentence, clause, section or part of this Ordinance is for any reason found to be unconstitutional, illegal or invalid, such unconstitutionality, illegality or invalidity shall not effect or impair any of the remaining provisions, sentences, clauses, sections or parts of this Ordinance. It is hereby declared as the intent of the Town Council of the Borough of Freedom that this Ordinance would have been adopted if such unconstitutional, illegal or invalid sentence, clause, section or part thereof had not been included herein.

**SECTION 6:** This Ordinance shall become effective on the date of adoption by the Town Council of the Borough of Freedom

and approval by the Mayor of the Borough of Freedom.

Adopted this _11th_ day of _June_, 1990.

BOROUGH OF FREEDOM

ATTEST:

By: _____
President of Council

_____
Secretary

Approved this _11th_ day of _June_, 1990.

_____
Mayor



BOROUGH OF FREEDOM

ORDINANCE NO. 538

AN ORDINANCE OF THE BOROUGH OF FREEDOM
DEFINING AND PROHIBITING THE STORAGE OF MOTOR
VEHICLE NUISANCES OR PARTS THEREOF IN THE OPEN
ON PRIVATE PROPERTY AND PROVIDING FOR EXCEPTIONS
BY PERMIT; AUTHORIZING INSPECTIONS OF PREMISES;
FORMALIZING NOTICES OF COMPLIANCE AND APPEAL
HEARINGS; REQUIRING THE REMOVAL, REPAIR, OR
ALTERATION OF THE CONDITIONS CONSTITUTING A
NUISANCE OR DANGER TO THE CITIZENS; AND PRESCRIBING
PENALTIES AND REMEDIES FOR VIOLATION. 

BE IT HEREBY ORDAINED AND ENACTED by the Council of the Borough of
Freedom as follows:

Section 1.   Definitions.

As used in this Ordinance, the following terms shall have the meanings indicated:

LESSEE – owner for the purpose of this Ordinance when the Lessor holds the
Lessee responsible for maintenance and repairs

MOTOR VEHICLE- any type of mechanical device, propelled by a motor, in
which persons or property may be transported upon public streets or highways,
and including trailers or semi-trailers pulled thereby.

NUISANCE- any condition, structure, or improvement which shall constitute a
danger or potential danger to the health, safety, or welfare of the citizens of the
Borough of Freedom.

OWNER - the actual owner, agent or custodian of the property on which motor
vehicles are stored whether individual or partnership, association, or corporation.

PERSON – a natural person, firm, partnership, association, corporation, or other
legal entity.

Section 2.   Motor Vehicle Nuisances Prohibited.

It shall be unlawful for any person, owner or lessee to maintain a motor vehicle
nuisance upon the open private grounds of such person, owner or lessee within the
Borough of Freedom. A motor vehicle nuisance shall include, but is not limited
to, any motor vehicle which is unable to move under its own power and has any
of the following physical defects:

1.   Broken windshields, mirrors or other glass, with sharp edges.

2.   One or more flat or open tires or tubes which could permit vermin
harborage.

3.   Missing doors, windows, hood, trunk or other body parts which could
permit animal harborage.

4.   Any body parts with sharp edges including holes resulting from rust.

5. Missing tires resulting in unsafe suspension of the motor vehicle.

6. Upholstery which is torn or open which could permit animal and or vermin harborage.

7. Broken headlamps or tail lamps with sharp edges.

8. Disassembled chassis parts apart from the motor vehicle stored in a disorderly fashion or loose in the vehicle.

9. Protruding sharp objects from the chassis.

10. Broken vehicle frame suspended from the ground in an unstable manner.

11. Leaking or damaged oil pan or gas tank which could cause fire or explosion.

12. Exposed battery containing acid.

13. Inoperable locking mechanism or doors or trunk.

14. Open or damaged floor boards including trunk and firewall.

15. Damaged bumpers pulled away from the perimeter of vehicle.

16. Broken grill with protruding edges.

17. Loose or damaged metal trim and clips.

18. Broken communication equipment, i.e. antennas.

19. Suspended on unstable supports.

20. Such other defects which could threaten the health, safety and welfare of the citizens of the Borough of Freedom.

**Section 3.** Storage of Motor Vehicle nuisances permitted.

Any person, owner or lessee who has one or more motor vehicle nuisances, as defined in Section 2 above may store such vehicle(s) in the Borough of Freedom only in strict compliance with the regulations provided herein. Such person, owner or lessee must first apply for a permit for either temporary or permanent storage and pay a fee of $50 to the Borough of Freedom which shall be changed at the will of the Borough pursuant to a Resolution of the Borough Council. The motor vehicle nuisance(s) must be stored within a garage or other enclosed building or outside within an opaque fence at least six (6) feet high which is locked at all times while unattended.

With the special approval of the Borough Council, motor vehicle nuisances may also be stored outside in an area enclosed by a chain link fence, at least six (6) feet high, screened by shrubbery around the perimeter to the height of the fence, with an unobstructed gate capable of admitting fire or emergency equipment. Such gate shall remain locked at all times when unattended. In addition, all gas and oil or other flammable liquid shall be removed from the motor vehicle and it shall be kept free of vermin infestation while being stored. The total area of storage of motor vehicle nuisances may not exceed 400 square feet.

Nothing herein shall be construed to permit the storage of motor vehicle nuisances contrary to the provision of the Zoning Ordinance of the Borough of Freedom.

**Section 4.**   Inspection of Premises; Notice to Comply.

1. The Police Officers of the Borough of Freedom or the Borough's Code Enforcement Officer are hereby empowered to inspect private property on which motor vehicles are stored to determine if there is compliance with the provisions of this Ordinance. If noncompliance with the provisions of this Ordinance constitutes a nuisance, or if any condition, structure, or improvement poses a threat to the health, safety, or welfare of the public, the Police Officer or the Code Enforcement Officer shall issue a written notice to be served by registered or certified mail upon the owner of said premises or, if the owner's whereabouts or identity are unknown, by posting the notice conspicuously upon the offending premises.

2. Said notice shall specify the condition or structure or improvement complained of and shall require the owner to commence to remove or otherwise rectify the condition or structure or improvement as set forth therein within ten (10) days of mailing or posting of said notice, and thereafter, to fully comply with the requirements of the notice and Ordinance within a reasonable time.

**Section 5.**   Authority to Remedy Noncompliance.

If the owner of grounds on which motor vehicles are stored does not comply with the notice to abate the nuisance within the time limit prescribed, the Borough of Freedom shall have the authority to take measures to correct the conditions and collect the cost of such corrections plus ten percent (10%) of all costs. The Borough of Freedom, in such event and pursuant to its statutory or otherwise authorized police powers, shall have the right and power to enter upon the offending premises to accomplish the foregoing.

**Section 6.**   Hearing.

1. Any person aggrieved by the decision of the Police Officers may request and shall then be granted a hearing before the Borough's Council; provided the person files with the Borough of Freedom within ten (10) days after notice of the Police Officer's decision. The person must file a written petition requesting such hearing and setting forth a brief statement of the ground thereof with the Borough Secretary or Code Enforcement Officer. The hearing shall commence not later than thirty (30) days after the date on which the petition was filed unless postponed for sufficient cause.

2. After such hearing, the Borough's Council shall sustain, modify or overrule the action of the Police Officer or Code Enforcement Officer.

**Section 7.**   Penalties.

Any person who shall violate any provision of this Ordinance shall, on conviction thereof be sentenced to pay a fine of not more than three hundred dollars ($300.00) and, in default of payment, to undergo imprisonment for a term not to exceed thirty (30) days. Each day that a violation of this Ordinance continues shall constitute a separate offense.

Section 8.    Remedies not Mutually Exclusive.

The remedies provided herein for the enforcement of this Ordinance or any remedy provided by law, shall not be deemed mutually exclusive; rather they may be employed simultaneously or consecutively at the option of the Borough of Freedom.

Section 9.    Repealer

All Ordinances or parts of Ordinances which are inconsistent herewith are hereby repealed.

Section 10.    Severability.

If any sentence, clause, section, or part of this Ordinance is for any reason found to be unconstitutional, illegal or invalid such unconstitutionality, illegality or invalidity shall not affect or impair any of the remaining provisions, sentences, clauses, sections or parts of this Ordinance. It is hereby declared as the intent of the Borough of Freedom that this Ordinance would have been adopted had such unconstitutional illegal or invalid sentence clause, section or part thereof not been included herein.

Section 11.    Effective Date.

This Ordinance shall take effect immediately upon final passage.

ORDAINED AND ENACTED into law by the Council of the Borough of Freedom, _____ County, Pennsylvania on the ___11th___ day of ___May___ 2005

ATTEST:                                              BOROUGH OF FREEDOM

_____                 _____
___ Willison                                      William Lloyd James
___ary                                             President of Council

Examined and Approved by Mayor: _____
                                                      Don Zahn

ORDINANCE # *549*

AN ORDINANCE OF THE BOROUGH OF FREEDOM, COUNTY OF BEAVER, PENNSYLVANIA, AMENDING CHAPTER 197 (VEHICLES, JUNK) OF FREEDOM BOROUGH'S CODE OF ORDINANCES FOR MORE EFFECTIVE ENFORCEMENT,

WHEREAS, the Borough of Freedom (hereinafter called the "Borough") is a political subdivision properly formed under the laws of this Commonwealth of Pennsylvania; and

WHEREAS, Chapter 197 of the Freedom Borough Code of Ordinances regulates junk vehicle nuisances; and

WHEREAS, the Borough now desires amend the statute to increase effective enforcement;

THEREFORE, on this *13th* day of *June*, 2007, upon majority vote at a regularly advertised public meeting, it is hereby ordained that Chapter 197 of the Freedom Borough Code of Ordinances is hereby amended as follows:

§197-1. (Definitions) is amended to include the following:

MECHANICAL WASTE – Discarded items including, but not limited to, engines, machines, mechanical and electrical equipment, tools, discarded vehicles and vehicle parts and similar materials,

§197-2.1. (Storage, parking and repair of vehicles.) is hereby added to Chapter 197 and shall read as follows:

A.   It shall be unlawful for any person, owner or lessee to maintain, store or cause to be stored upon any private property within the Borough of Freedom any Motor Vehicles that are not in operating condition and do or do not display a current Commonwealth of Pennsylvania, Department of Transportation, registration tag or license plate and inspection sticker; nor shall it be lawful to store any mechanical waste.

B.   It shall be unlawful to place mechanical waste or to park any motor vehicle on any street or thoroughfare within the Borough of Freedom which does not have a current inspection sticker and registration plate or tag that is deemed inoperable for legal use.

C.   It shall be unlawful for any person to park a motor vehicle in any street or thoroughfare within the Borough of Freedom for the purpose of repairing said vehicle if the repairs will render the vehicle inoperative for a period in excess of thirty six (36) hours. No person shall perform a repair operation in such a manner as to present a danger of injury to pedestrian traffic or obstruction of view to pedestrian or motorist.



§197-3. shall be amended so that the title reads: "Permits for the Storage of Motor Vehicle Nuisances.".

§197-7  Violations and Penalties shall be amended to include the following language:

Furthermore, any costs associated with the Borough of Freedom removing and storing the subject vehicles shall be imposed upon and recoverable against the offender.

ATTEST:                                          BOROUGH OF FREEDOM

_Karen Willison_                                 _John Kaercher_
Karen Willison                                   John Kaercher
Borough Secretary                                President of Council

Examined and approved by Mayor Don Zahn on this 13th day of June , 2007.

ORDINANCE # *559*

AN ORDINANCE OF THE BOROUGH OF FREEDOM, COUNTY OF BEAVER, PENNSYLVANIA, AMENDING CHAPTER 205 (ZONING), ARTICLE X (SUPPLEMENTARY REGULATIONS), SECTION 205-36 (FENCES OR HEDGES) OF FREEDOM BOROUGH'S CODE OF ORDINANCES.

WHEREAS, the Borough of Freedom (hereinafter called the "Borough) is a political subdivision properly formed under the laws of this Commonwealth of Pennsylvania; and

WHEREAS, Chapter 205, Article X, Section 205-36 of the Freedom Borough Code of Ordinances delineates criteria for fencing within the Borough; and

WHEREAS, Chapter 197 (Vehicles, Junk), Section 197-3 of the Freedom Borough Code of Ordinances calls for fencing and limits the enclosed area to 400 square feet; and

WHEREAS, the Borough understands that this square footage restriction is a viable term for most properties, it agrees that exceptions to the square footage might be necessary in some circumstances; and

WHEREAS, the Borough believes that the Zoning Hearing Board would be best equipped to evaluate the overall scenario and determine any appropriate deviation from this square footage restriction;

THEREFORE, on this *13th* day of *August*, 2008, upon majority vote of Borough Council at a regularly advertised public meeting, it is hereby ordained that Chapter 205, Article X, Section 205-36 of the Freedom Borough Code of Ordinances shall be amended to include the following language;

The fencing required by Chapter 197 (Vehicles, Junk), Section 197-3 and the square footage limitation shall be incorporated herein for purposes of securing that any requested change to the square footage limitation be adjudicated by the Zoning Hearing Board in a variance hearing.

ATTEST:                                          BOROUGH OF FREEDOM

_Karen Willison_                                _John Kaercher_
Karen Willison                                  John Kaercher
Borough Secretary                               President of Council

Examined and approved by Mayor Don Zahn on this *13th* day of
*August*, 2008.

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

BOROUGH OF FREEDOM

    Plaintiff,

vs.

HARRY GILARNO, individually,
and GILARNO'S AUTO REPAIR
INCORPORATED

    Defendants.

CIVIL DIVISION

No.  10795-2-00 9

AMENDED
COMPLAINT IN EQUITY


Filed on Behalf of the Plaintiff,

Counsel of Record for the Borough:

CHRYSTAL C. TINSTMAN, ESQUIRE
PA I.D. # 84150

DAMIAN, AMATO & START, P.C.
601 Broad Street, P.O. Box 353
Sewickley, PA  15143
412-749-1000
412-749-0330 (fax)
ctinstman@sewickleylaw.com


EXHIBIT "E"

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

BOROUGH OF FREEDOM

    Plaintiff,

vs.

HARRY GILARNO, individually,
and GILARNO'S AUTO REPAIR
INCORPORATED

    Defendants.

CIVIL DIVISION

No. 10785-2008

AMENDED
COMPLAINT IN EQUITY

### NOTICE TO DEFEND

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE
BEAVER COUNTY BAR ASSOCIATION
788 Turnpike Street
Beaver, PA 15009
724-728-4888

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

BOROUGH OF FREEDOM                          CIVIL DIVISION

    Plaintiff,                              No.

vs.

HARRY GILARNO, individually,                AMENDED
and GILARNO'S AUTO REPAIR                   COMPLAINT IN EQUITY
INCORPORATED

    Defendants.

## AMENDED COMPLAINT IN EQUITY

AND NOW COMES, the Plaintiffs, the Borough of Freedom, by and through its
Solicitor, Chrystal C. Tinstman, Esquire of Damian, Amato & Start, P.C. to aver the following in
support of this Amended Complaint:

1.    The Plaintiff, the Borough of Freedom (hereinafter referred to as the "Borough"),
is a political subdivision properly formed under the laws of this Commonwealth of
Pennsylvania with a corporate address of 901 Third Avenue, Freedom Pennsylvania
15042.

2.    The Defendant, Harry Gilarno, is an adult individual with a principal
mailing address of 1110 Hillman Street, Freedom, Beaver County, Pennsylvania, 15042
who has operated an auto repair shop in Freedom Borough since 1988. 3

3.    The Defendant, Gilarno's Auto Repair Incorporated, is a registered Pennsylvania
domestic corporation created in 1991 and its registered office address is 400 8th
Street, Freedom, PA 15042.

4.    The Defendant, Harry Gilarno, is the owner/agent of Gilarno's which
is physically located at 899 Third Avenue, Freedom, Beaver County, Pennsylvania,
15042.

5.    The Defendant, Harry Gilamo, is the record owner of Tax Parcel Number 69-015-0601.000-01-1 (hereinafter referred to as the "Parcel").

6.    The Defendants operates an auto repair shop on said Parcel.

7.    Without proper approvals, the Defendant operates a vehicle towing and storage service on this site.

## COUNT I – BOROUGH OF FREEDOM V. HARRY GILARNO

8.    Paragraphs 1 through 7 are hereby incorporated as though fully set forth herein.

9.    The Defendant allows certain vehicle nuisances to exist on the subject property/Parcel for an unlawful amount of time in violation of Freedom's Code of Ordinances, Chapter 197 (Vehicles, Junk), subsections, 197-2.

10.    Furthermore, the Defendant has failed to erect a fence as required by Freedom's Code of Ordinances, Chapter 197 (Vehicles, Junk), subsections, 197-3 (A) and (B).

11.    The facts of this action were confirmed by inspection authorized by section 197-4 and proper notice was given pursuant to 197-5 of the aforementioned Code and Chapter.

12.    The Borough has authority to file this action against the Defendants pursuant to Chapter 197, subsection 197-5, 7 and 8 of Freedom Borough's Code of Ordinances.

13.    The Borough has authority to file this action against the Defendants pursuant to the Borough Code, Sections 1202 (Specific Powers) (5) and (29).

14.    The Borough has authority under Pennsylvania's municipal "police power" to seek out this action.

15.   The Defendant has refused to alleviate this dangerous condition on the Parcel.

WHEREFORE, the Borough is desirous of having this Honorable Court order the Defendant to remediate these nuisances by means of erecting fence around his property where these nuisances are stored and penalize the Defendant pursuant to the appropriate sections of the Borough Code and under General Municipal law for their ongoing failure to act.

## COUNT II – BOROUGH OF FREEDOM V. GILARNO'S AUTO REPAIR INCORPORATED

16.   Paragraphs 1 through 15 are hereby incorporated as though fully set forth herein.

17.   The Defendant allows certain vehicle nuisances to exist on the subject property/Parcel for an unlawful amount of time in violation of Freedom's Code of Ordinances, Chapter 197 (Vehicles, Junk), subsections, 197-2.

18.   Furthermore, the Defendant has failed to erect a fence as required by Freedom's Code of Ordinances, Chapter 197 (Vehicles, Junk), subsections, 197-3 (A) and (B).

19.   The facts of this action were confirmed by inspection authorized by section 197-4 and proper notice was given pursuant to 197-5 of the aforementioned Code and Chapter.

20.   The Borough has authority to file this action against the Defendant pursuant to Chapter 197, subsection 197-5, 7 and 8 of Freedom Borough's Code of Ordinances.

21.   The Borough has authority to file this action against the Defendant pursuant to the Borough Code, Sections 1202 (Specific Powers) (5) and (29).

22.   The Borough has authority under Pennsylvania's municipal "police power" to seek out this action.

23.   The Defendant has refused to alleviate this dangerous condition on the Parcel.

WHEREFORE, the Borough is desirous of having this Honorable Court order the Defendant to remediate these nuisances by means of erecting fence around his property where these nuisances are stored and penalize the Defendant pursuant to the appropriate sections of the Borough Code and under General Municipal law for their ongoing failure to act.

Respectfully submitted on behalf of the Borough,

DAMIAN, AMATO & START, P.C.

Chrystal C. Tinstman, Esquire
Solicitor

## VERIFICATION

I, John Kaercher, do hereby verify that the statements in the foregoing Complaint are true and correct to the best of my personal knowledge, belief and information. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Date: _____

_____
John Kaercher
President of Council

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
P E N N S Y L V A N I A
CIVIL ACTION-LAW

BOROUGH OF FREEDOM,

       Plaintiff,

       vs.

HARRY GILARNO, Individually and
d/b/a GILARNO's,

       Defendants.

No. 10795 of 2008

## MEMORANDUM OPINION AND ORDER

D. KUNSELMAN, J.                                        JULY 9, 2009

For the past twenty years, Harry Gilarno has operated an auto repair and towing business in the Borough of Freedom known as Gilarno's. In this equity action, the Borough is seeking to compel Mr. Gilarno to erect a fence around his property for the storage of what the Borough alleges are nuisance vehicles.

The Borough has an ordinance which prohibits nuisance vehicles. This same ordinance allows a property owner to store nuisance vehicles, provided the owner pays a fee, and keeps the vehicles in a garage or other enclosed building or outside within an opaque fence at least six feet high which is locked at all times while unattended.

Mr. Gilarno argues that summary judgment should be granted in his favor based on several legal theories. First he argues that the Borough's cause of action must fail, because the Borough has not identified which vehicles it believes constitute a nuisance. He also argues that the Borough ordinance requiring a fence to be erected exceeds the Borough's authority under The Borough Code, and is truly a zoning ordinance to regulate land use. Finally, he argues that the doctrines of laches and res judicata apply to bar the

## EXHIBIT "F"

instant action. We agree that summary judgment is appropriate, because the Borough has not identified which vehicles constitute a nuisance.

## Legal Analysis

Summary judgment is appropriate where 1) "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report," or 2) "when an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action...which in a jury trial would require the issue to be submitted to the jury." Pa. R. Civ. P. 1035.2; Ertel v. Patriot-News Co., 674 A.2d 1038, 1042 (Pa. 1996). When deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, must grant that party the benefit of all reasonable inferences, and must resolve all doubts in his favor. Ertel, 674 A.2d at 1042.

Mr. Gilamo first argues that the instant case must fail because the Borough did not provide him with proper notice of the vehicles which it deems to be a nuisance. The Complaint does not set forth the vehicles which the Borough claims are nuisance vehicles. Paragraph 8 of the Complaint states that "[t]he Defendant allows certain vehicle nuisances to exist on the subject property/Parcel [sic] for an unlawful amount of time in violation of Freedom's Code of Ordinances, Chapter 197 (Vehicles, Junk), subsections, 197-2." Complaint ¶ 8.

Mr. Gilamo maintains that Pennsylvania is a fact pleading state, and therefore the Complaint must apprise the defendant of the nature and extent of the plaintiff's claim so that the defendant has notice of what the plaintiff intends to prove at trial and may prepare

2

to meet such proof with his own evidence. To support his argument, Mr. Gilamo relies on the case of Saint Thomas Twp. Bd. of Supervisors v. Wycko, 756 A.2d 755 (Pa. Commw. 2000). In that case, the property owner was cited for violating an ordinance, but the court found him guilty of a public nuisance, an entirely separate claim not identified in the complaint. Here, the Borough has not alleged a claim of public nuisance, and is not seeking relief which has not been alleged in the Complaint.

We agree that the Complaint in this case was devoid of any facts to identify which vehicles stored on Defendant's property the Borough claims are a nuisance. It was clear from the Complaint, however, that the Borough was alleging that certain vehicles existed on the property for an unlawful amount of time in violation of the Borough ordinance. Therefore, although the Complaint should have identified the specific vehicles that are the subject of the lawsuit, we believe the Complaint put Mr. Gilamo on notice of the claim and the particular violation which the Borough was alleging, so that he could proceed with discovery.

Throughout discovery in this matter, however, it appears that the Borough never identified which vehicles it alleges constitute a nuisance. The Borough must identify such vehicles with particularity in order to maintain its burden of proof at trial that the vehicles in question constitute a nuisance in fact.

Pennsylvania case law is clear that a municipality cannot legislate against a nuisance per se; instead the municipality must establish that a nuisance in fact exists in order to obtain relief. "A municipality cannot flatly prohibit a defendant from an otherwise legitimate use of his private property without proving a nuisance in fact." Commonwealth v.

3

Boehimer, 1 Pa. D. & C. 3d 747 (Pa. Com Pl. 1976) (quoting Commonwealth v. Keiser, 66

Pa. D & C. 2d 418 (Pa. Com. Pl. 1974).

The Borough obtains its authority to prohibit property owners from storing abandoned or junked vehicles from Section 46202(5) of the Borough Code. Section 46202 of the Borough Code grants a borough the power to enact an ordinance and to provide for enforcement of it, by prescribing penalties for violating it or for failing to conform to it. Specifically, the Code allows boroughs to address nuisances and dangerous structures as follows:

> (5) Nuisances and dangerous structures. To prohibit and remove any nuisance, including but not limited to...the storage of abandoned and junked automobiles and to prohibit and remove any dangerous structure on public or private grounds or to require the removal of any such nuisance or dangerous structure by the owner or occupier of such grounds, in default of which the borough may cause the same to be done, and collect the cost thereof, together with a penalty of ten percent of such cost, in the manner provided by law for the collection of municipal claims, or by action of assumpsit, or may seek relief by bill in equity.

53 P.S. § 46202.

The Supreme Court in Commonwealth v. Hanzlick, 400 Pa. 134 (1960), construed the language of subsection (5) as giving the municipality the right to prohibit a nuisance in fact which in a given case, might include the storage of abandoned or junked automobiles. The Court held, however, that the Legislature did not declare such storage as a nuisance per se and did not give the municipality the power to do so. Id. Rather, the Court believed that this statute only authorized the local governing bodies to declare such activities to be nuisances when, based upon actual conditions in the municipality, they constitute nuisances in fact.

4

Thus, at a trial in this matter, the Borough must establish that the vehicles stored on Mr. Gilamo's property actually constitute a nuisance in fact. Throughout this case, the Borough maintains that any wrecked vehicle meets the criteria for a nuisance. This argument supports the theory of nuisance per se, not nuisance in fact. The Borough must establish that particular wrecked vehicles constitute a nuisance in fact. At some point in the litigation, the Borough must give Mr. Gilamo notice of the specific vehicles they believe constitute a nuisance, so he can either remedy the situation or prepare a defense for trial.

At this stage of the litigation, it is incumbent upon the party with the burden of proof to produce some evidence essential to the cause of action. Ertel, 674 A.2d at 1042. Because the Borough cannot identify a single vehicle which constitutes a nuisance in fact, it cannot sustain its burden of proof in this equity action. Therefore, we believe summary judgment in favor of Mr. Gilamo is appropriate in this case.

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
P E N N S Y L V A N I A
CIVIL ACTION-LAW

BOROUGH OF FREEDOM,

    Plaintiff      :

    vs.        :    No. 10795 of 2008

HARRY GILARNO, individually and   :
d/b/a GILARNO's

    Defendants,     :

## ORDER

D. KUNSELMAN, J.            JULY 9, 2009

  AND NOW, this ___9th___ day of JULY, 2009, it is hereby ORDERED that the Motion

for Summary Judgment filed by the Defendants, Harry Gilarno, individually and doing

business as Gilarno's, is GRANTED.

  In light of this order, the Motion for Summary Judgment recently filed by the Borough

of Freedom is moot. Argument on that Motion, scheduled for July 22, 2009, is cancelled.

               BY THE COURT

               _Deborah A. Kunselman_
                       J.

BY THE COURT

2009 JUL -9   A II: 54

DEBORAH A. KUNSELMAN
JUDGE

LAW OFFICES
## DAMIAN, AMATO & START, P.C.
A PROFESSIONAL CORPORATION
601 BROAD STREET
POST OFFICE BOX 583
SEWICKLEY, PA 15143

R&R, DAMIAN
.D. AMATO
RD F. START
RXL C. TINSTMAN
· HOLLENBECK

· 1946

412 - 749-1003

TELEFAX
412 - 749-0530

WWW.ASDAMSTLESTLAW.COM

October 24, 2007

Attn:   Members of Freedom Borough Council
        Mayor
        Police Chief
        Police Officers
        Borough Secretary

        RE:   Gilamo Litigation

Dear Sirs/Madams:

Please note that it has come to my attention that various parties are directly communicating with Henry Gilamo and discussing the zoning issues that the Borough is currently addressing relative to Gilamo's auto servicing property.  Such is inappropriate when there is a pending litigation and can serve to harm the Borough in its efforts to make Mr. Gilamo's property comply with current zoning standards.  Anyone's words could be used against the Borough and confidential information instrumental to the action or strategy could unintentionally be disseminated to Mr. Gilamo.  This case is in the control of the attorneys and there should be no communication with Mr. Gilamo on the topic.

Thank you for your attention to this matter.

Sincerely,

DAMIAN, AMATO & START, P.C.

Chrystal C. Tinstman, Esquire

# EXHIBIT "G"



Department: 724-728-xxxx
Office: 724-728-4835
Emergency "911"
Fax: 724-728-4863

**Freedom Borough Police Department**
**Beaver County**
901 Third Ave.
Freedom, Pa 15042

February 14, 2008

Officer Alan Shaffer                                    (Hand Delivered by Chief)
Freedom Borough Police

RE:    Procedure and Directive Violations

Officer Shaffer:

Please be advised that Freedom Borough's Council discussed three specific violations of policies, procedures and directives you did in recent time. These violations were brought to Council by the Chief of Police and the Mayor with a recommendation for action. These violations are:

1.    When the Chief was on leave, you scheduled overtime without obtaining approval from the Mayor as directed by the Chief prior to his departure.

2.    You did not schedule your training on or as a work shift as directed by the Chief, the Mayor and the Borough Council in 2007.

3.    You were again observed at Gilianto's in the police car and on Borough time without any police related purpose in direct defiance of the recent directive given by the Chief, the Mayor and the Council.

You have been verbally warned for various forms of misconduct on numerous occasions. In a July 7th, 2007 correspondence written to you by Chief Customo, you were given a clear warning that said any further violation of policies, procedures or directives will result in more serious actions including suspension or termination of employment.

The offenses enumerated above are direct violations of Section III (Procedure) B.1.a and B.5.a and B.7.a, k, and n of the Freedom Borough Police Department's Code of Conduct.

Consequently, you are being given a three day unpaid suspension to begin with your first scheduled shift. Thereafter, you are on probation for 6 months from the date of your return. Any violation of the policies, procedures or directives of the Chief, the Mayor or Borough Council will lead to a more serious suspension or termination. We, Freedom Borough Council, find this action to be necessary and reasonable in light of your ongoing instances of insubordination.

Respectfully,                                    Respectfully,

Chief Dora Customo                              Mayor Zika

c: File
Freedom Borough Council
Freedom Borough Solicitor

# EXHIBIT "H"

LAW OFFICES
## DAMIAN, AMATO & START, P.C.
A PROFESSIONAL CORPORATION
601 BROAD STREET
POST OFFICE BOX 293
SEWICKLEY, PA 15143

**RECEIVED**

FEB 27 2008

FREEDOM BOROUGH

412 · 741·1800
TELEFAX
412 · 741·1830
theatteysstkey.law.com

CARMEN A. DAMIAN
JAMES D. AMATO
RICHARD P. START
CRYSTAL G. TREUHAN
JEFF A. HOLLENDER

*1936 - 1994

February 20, 2008

Attn:   Members of Freedom Borough Council            VIA FACSIMILE ONLY
        Mayor
        Police Chief
        Police Officers
        Fire Fighters

In Re:  Gilamo Communication

Dear Sir/Madame:

In a prior correspondence, I issued a directive of no communication between Borough employees and Harry Gilamo. Please let this correspondence serve as a clarification that in the case of an emergency situation where communication between the Police Department, Fire Department and Harry Gilamo is necessary, then such is permissible.

Thank you for your attention to this matter.

Sincerely,

DAMIAN, AMATO & START, P.C.

Crystal G. Treuhan, Esquire

CGT/imp

# EXHIBIT "I"