IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY GILARNO individually and doing business as GILARNO'S AUTO REPAIR INC. also known as GILARNO'S AUTO REPAIR,<br>    Plaintiff,<br><br>    v<br>THE BOROUGH OF FREEDOM, THE BOROUGH COUNCIL OF THE BORO OF FREEDOM, JOHN V. KAERCHER, VICTORIA H. GRECO, JAQUELINE GOLLETTI, DARL ALLMAN, DEBORAH DEDOMINICUS individually and in their capacity as Council persons and DONALD ZAHN individually and in his capacity as Mayor of the Borough of Freedom<br>    Defendants. | 2:10-cv-71 |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the MOTION FOR RECONSIDERATION OF OPINION AND ORDER DATED APRIL 22, 2010 IN CONJUNCTION WITH PLAINTIFF'S FIRST AMENDED COMPLAINT (Document No. 14) filed by Plaintiff and the MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Document No. 17) filed by Defendants. The motions have been thoroughly briefed (Document Nos. 16, 18, 19, 20, 21, 23) and are ripe for disposition.

Factual and Procedural Background

On April 22, 2010, the Court issued a thorough Memorandum Opinion and Order which granted Defendants' motion to dismiss the original complaint filed by Gilarno. The Amended Complaint contains substantially similar factual allegations. In summary, Plaintiff Gilarno has owned and operated an auto repair and towing business since 1993 – the only such business in the Borough of Freedom, Pennsylvania (the "Borough"). The individual Defendants are various local elected officials of the Borough. Gilarno had been the exclusive provider of towing

services for the Borough "from 1993 until some time in 2007." Amended Complaint ¶ 24. Gilarno was publicly critical of the Mayor and council members in December 2005 and early 2006. In 2005, Gilarno criticized the decision to reinstate a Borough police force. In February 2006, in his role as Fire Chief, Gilarno opposed a plan to create a doorway in the wall of the fire station to permit access from the police department to the fire station restrooms. Amended Complaint ¶ 32. In February 2006, Gilarno confronted the Mayor regarding the removal of his company as a vendor to work on police vehicles. Amended Complaint ¶ 35. In August 2006 and November 2007, there were agreements to again appoint Gilarno to repair and inspect Borough vehicles, but they failed to materialize. Amended Complaint ¶¶ 40, 43. In Amended Complaint ¶ 49, Gilarno avers: "Since January of 2006, the Plaintiff has been denied the opportunity to do repair/maintenance work on Borough vehicles as well as being called to do any towing in the Borough because of the direct acts of the Borough Council and Mayor."

On August 28, 2007, the Borough solicitor sent Gilarno a Notice that he was in violation of Ordinance 197-3(B) (Permits for the Storage of Motor Vehicle Nuisances), because several motor vehicles were stored outside of his business building and Gilarno's property did not have an appropriate fence. The letter stated that if the conditions were not remedied within ten days, Gilarno would face fines of $300 per day/per violation. In February 2008, the Borough ratified a phone vote to cease using Gilarno for repair and towing services. Amended Complaint ¶ 47. Gilarno has attached the relevant meeting minutes as exhibits to the Amended Complaint.

The applicable Ordinance provisions were amended on several occasions and are attached to the Amended Complaint (collectively, the "Ordinance"). As relevant here, the Ordinance defines the violation as a summary offense and authorizes the Borough to enter the premises to

take corrective measures. Importantly, the Ordinance also states:

> Section 8. Remedies not Mutually Exclusive.
>
> The remedies provided herein for the enforcement of this Ordinance or any remedy provided by law, shall not be deemed mutually exclusive; rather they may be employed simultaneously or consecutively at the option of the Borough of Freedom.

On October 16, 2007, the Chief of Police issued a non-traffic criminal citation to Gilarno. On October 24, 2007, the Borough solicitor issued a memorandum to various Borough employees and officials which directed them not to communicate with Gilarno on the topic of the pending litigation. Complaint Exhibit F. On February 14, 2008, a police officer was suspended for, among other things, disregarding this directive. On February 20, 2008, the directive was modified to clarify that communications with Gilarno in his role as fire chief were permitted.

Magisterial District Judge Edward Howe conducted a hearing on February 7, 2008, and found Gilarno "Not Guilty" of violating the Ordinance. The Borough did not file an appeal. Instead, on March 21, 2008, the Borough filed a civil complaint in equity against Gilarno in the Court of Common Pleas of Beaver County, Pennsylvania (the "Equity Action"). The Equity Action contained the same allegations as the earlier criminal citation but sought a Court order that required Gilarno to erect a fence around his property, in addition to penalties under the ordinance. On July 9, 2009, a judge of the Court of Common Pleas granted summary judgment in favor of Gilarno, on the ground that the Borough had failed to specifically identify the vehicles which allegedly constituted the nuisance. This litigation followed. The Court granted Defendants' motion to dismiss the original complaint in its entirety, although it granted Plaintiff leave to file an amended complaint.

In the Amended Complaint, Gilarno re-asserts his claims against the Borough and the individual Defendants under the Dragonetti Act, 42 Pa.C.S.A. § 8351, for Wrongful Use of Civil Proceedings. Plaintiff also asserts claims under 42 U.S.C. § 1983, for alleged First Amendment Retaliation and violations of his Equal Protection rights. Defendants have renewed their motion to dismiss the Amended Complaint in toto.

Standard of Review

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) challenges the legal sufficiency of the Complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a **plausible** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

However, nothing in *Twombly* or *Iqbal* has changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). That is, the Supreme Court did not impose a new, heightened pleading requirement, but reaffirmed that FED. R. CIV. P. 8 requires

4

only a short, plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 552-53). Additionally, the Supreme Court did not abolish the FED. R. CIV. P. 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* (citing *Twombly*, 550 U.S. at 553).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a FED. R. CIV. P. 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a FED. R. CIV. P. 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or which are essential to a plaintiff's claim and are attached to either the Complaint or the defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court has reviewed and considered the exhibits attached by Gilarno to the Amended Complaint.

Motion for Reconsideration

As a preliminary matter, the Court must address the motion for reconsideration filed by Plaintiff. Plaintiff filed – contemporaneously – both an Amended Complaint which contains a renewed Dragonetti Act claim and a motion for reconsideration of the Court's decision to dismiss the Dragonetti Act claim in the original Complaint.

An amended complaint supercedes the original complaint. *See Snyder v. Pascack Valley*

*Hosp.*, 303 F.3d 271, 276 (3d Cir.2002); *see also* 6 Charles A. Wright et al., Federal Practice and Procedure § 1476, at 556 (2d ed.1990). Thus, the Dragonetti Act claim in the original complaint is no longer before the Court. Accordingly, the MOTION FOR RECONSIDERATION OF OPINION AND ORDER DATED APRIL 22, 2010 IN CONJUNCTION WITH PLAINTIFF'S FIRST AMENDED COMPLAINT (Document No. 14) is **DENIED AS MOOT**.

Renewed Motion to Dismiss

Defendants contend that the Amended Complaint should be dismissed in its entirety. The Court will address each cause of action advocated by Plaintiff seriatim.

A. Wrongful Use of Legal Proceedings (Dragonetti Act)

The Court's Memorandum Opinion of April 22, 2010 contained a thorough explanation for its conclusion that Gilarno failed to state a cognizable claim under the Pennsylvania Dragonetti Act, 42 Pa.C.S.A.§ 8351. The Court adheres to its reasoning, which it incorporates as if set forth in full. In summary, pursuant to 53 P.S. § 46202, a borough is specifically vested with the power to address nuisances by use of legal and/or equitable remedies (emphasis added):

> (5) Nuisances and dangerous structures. To prohibit and remove **any nuisance**, **including but not limited to** accumulations of garbage and rubbish and **the storage of abandoned or junked automobiles** and to prohibit and remove any dangerous structure on public or private grounds, or to require the removal of any such nuisance or dangerous structure by the owner or occupier of such grounds, **in default of which the borough may cause the same to be done**, and collect the cost thereof, together with a penalty of ten per cent of such cost, in the manner provided by law for the collection of municipal claims, <u>*or*</u> by action of assumpsit, <u>*or*</u> **may seek relief by bill in equity**.

The Ordinance expressly provides for multiple, alternative remedies and states that those

6

remedies "shall not be deemed mutually exclusive" and "may be employed simultaneously or consecutively."

Plaintiff's reliance upon *Borough of West Chester v. Lal*, 426 A.2d 603 (Pa. 1981), is misplaced. In *Lal*, the Pennsylvania Supreme Court concluded that the ordinance at issue was criminal and that Defendant's acquittal operated to bar the Borough of West Chester's appeal to the Commonwealth Court. *Id.* at 605-06. Standard Pennsylvania Practice § 132:206 states that "the constitutional prohibition against double jeopardy only protects against successive criminal prosecutions." In this case, as the Court noted in its earlier Memorandum Opinion, the Borough of Freedom did not file the March 2008 Equity Action as an appeal, but instead commenced a new civil lawsuit in a different court. In any event, no reasonable factfinder could conclude that Defendants were "grossly negligent" or acted "without probable cause" because the Ordinance explicitly stated that its remedies were not mutually exclusive and could be employed consecutively. Gilarno's contention that the ordinance itself "flies in the face of the fundamentals of American Jurisprudence" is more appropriately presented as a facial challenge to the constitutionality of the ordinance than as part of a Dragonetti Act claim.

In summary, Plaintiff has failed to state a cognizable Dragonetti Act claim and Defendants' motion to dismiss Count I of Plaintiff's Amended Complaint will be GRANTED.

B.  Section 1983 Claims

In the Amended Complaint, Gilarno has substantially narrowed the scope of his constitutional claims. He now avers that: (1) Defendants retaliated against him for being publicly critical of their operation of the Borough; and (2) Defendants violated his right to equal

7

protection, in that different standards were applied to other property owners.[1]  Defendants contend that Gilarno has failed to state a valid claim under either theory.  Defendants also argue that the Section 1983 claims are barred by the applicable statute of limitations.

The Court will first address Defendants' contention that Plaintiff's claims are barred by the applicable statute of limitations, as it would be dispositive of both Section 1983 claims. A statute of limitations defense may be asserted at the motion to dismiss stage where it is clear from the face of the complaint that the claims are time-barred.  *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir.1997).  It is well-established that the statute of limitations applicable to Section 1983 claims is based on Pennsylvania tort law for personal injury claims. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir.2003).  Therefore, Section 1983 claims are subject to a two-year statute of limitations, as set forth in 42 Pa.C.S.A. § 5524.  A Section 1983 claim accrues at the time when the injury is sustained-that is, "when the plaintiff has a complete and present cause of action."  *Koehnke v. City of McKeesport*, 350 Fed. Appx. 720, 723 (3d Cir. 2009) (unpublished) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)) (internal quotations and citations omitted).

The Court concludes that Gilarno's Section 1983 claims are untimely, based on the allegations set forth in the Amended Complaint.  The original Complaint in this case was filed in the Court of Common Pleas of Beaver County, Pennsylvania on December 11, 2009.  The averments of the Amended Complaint state that the "protected conduct" in which Gilarno

---

[1] In its April 22, 2010 Memorandum Opinion, the Court commented that the First Amendment Retaliation claim might be cognizable, although the allegations of the original complaint were insufficient.  The Court concluded that Gilarno had failed to state a plausible Equal Protection claim.

engaged (i.e., expressing public opinions regarding the reinstitution of a Borough police force and access to fire station restrooms) occurred in 2005 and early 2006. Similarly, the allegedly retaliatory and improper conduct of Defendants occurred in early 2006. Most clearly and explicitly, Amended Complaint ¶ 49 states: "Since January of 2006, the Plaintiff has been denied the opportunity to do repair/maintenance work on Borough vehicles as well as being called to do any towing in the Borough because of the direct acts of the Borough Council and Mayor." Gilarno's injury occurred – based on the allegations of his Amended Complaint – in January 2006. He had a "complete and present cause of action" and his claim accrued at that time. Thus, the two-year limitations period expired in January 2008, almost two years before Gilarno filed the original complaint in this case.

The discovery rule would not apply to toll the applicable limitations period in this case. Pennsylvania law recognizes an exception to the statute of limitations which "delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." *Urland v. Merrell-Dow Pharmaceuticals*, 822 F.2d 1268, 1271 (3d Cir.1987). However, it is clear that Gilarno was well aware of his injury and the cause thereof. Indeed, Amended Complaint ¶ 35 avers that Gilarno "confronted the Mayor regarding the removal of his company as a vendor" in February 2006.

Nor would the "fraudulent concealment" doctrine apply to toll the limitations period. The "fraudulent concealment" theory is narrowly tailored to toll the limitations period only when the defendant's conduct causes the plaintiff to relax his vigilance or deviate from his right of inquiry. In *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 556 (3d Cir. 1985), the Court of Appeals explained (citations omitted):

> Under the law of Pennsylvania, it is the duty of the one asserting a cause of action to use all reasonable diligence to inform himself or herself properly of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed statutory period. Mere mistake, misunderstanding or lack of knowledge on the part of the plaintiff is not sufficient to toll the running of the statute of limitations. However, if through fraud or concealment the defendant causes the plaintiff to relax vigilance or deviate from the right of inquiry, the defendant is estopped from invoking the bar of limitation of action. In applying the doctrine of estoppel, Pennsylvania courts have not required fraud "in the strictest sense encompassing an intent to deceive, but rather fraud in the broadest sense which includes an unintentional deception." Nevertheless the defendant must "have done something amounting to an affirmative inducement to plaintiff to delay bringing the action."

The Amended Complaint does aver that there were indications from the Borough Council in August 2006 and November 2007 that Gilarno's business would be used again. However, there is no averment that would establish that the Borough's actions amounted to an affirmative inducement to dissuade Gilarno from filing suit.

Finally, the Court notes that in Amended Complaint ¶ 47, Gilarno alleges that the Borough ratified a vote to cease doing business with him on February 13, 2008. This allegation would not be time-barred, but nevertheless, fails to state a prima facie case. To establish the requisite causal link, a plaintiff must show either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir.2007). It is apparent from the Amended Complaint that the ceasing of business with Gilarno in February 2008 was not new, but was simply a continuation of the alleged retaliatory conduct that started in early 2006. Moreover, there is no temporal proximity to the alleged protected activity of Gilarno, which occurred in December 2005 and February 2006 - at least two years earlier. Moreover, the February 13, 2008 Board Minutes clearly state that the Borough did not do

10

business with Gilarno due to the pending litigation (i.e., the Borough's efforts to enforce the zoning ordinance that is the subject of Gilarno's Dragonetti Act claim), rather than in retaliation for his alleged First Amendment activities. There is no plausible connection between the Borough's action in February 2008 and his protected activity in 2005-2006.

In summary, it is clear that Gilarno's Section 1983 claims are not cognizable and Defendant's motion to dismiss them will be GRANTED.

Leave to Amend Complaint

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). The Court noted in its April 22, 2010 Memorandum Opinion that Defendants had "raised numerous meritorious legal challenges" and that it would be important, if Gilarno chose to file an amended complaint, "to address all of these alleged shortcomings to assure that the amended complaint contains sufficient factual allegations to render the claim(s) "plausible" in compliance with the pleading standard set forth in *Twombly* and *Phillips*."

The Amended Complaint asserts three claims. Two of these claims (Dragonetti Act and Equal Protection) were contained in the original complaint and the Court held in its April 22, 2010 Memorandum Opinion that they failed to state a valid claim. The Court acknowledges that the First Amendment Retaliation claim is theoretically actionable. However, it is abundantly apparent – on the face of the Amended Complaint – that this claim is time-barred, as is the Equal Protection claim. Thus, the Court concludes that a further attempt to amend the complaint would

11

be inequitable and futile. Accordingly, the Court will not give leave for further amendment and the Amended Complaint will be dismissed with prejudice.

Conclusion

In summary, Defendants' Motion to Dismiss the Amended Complaint will be GRANTED in all respects.

An appropriate Order follows.

McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY GILARNO individually and doing business as GILARNO'S AUTO REPAIR INC. also known as GILARNO'S AUTO REPAIR,<br>　　　　　Plaintiff,<br><br>　　　　　v<br><br>THE BOROUGH OF FREEDOM, THE BOROUGH COUNCIL OF THE BORO OF FREEDOM, JOHN V. KAERCHER, VICTORIA H. GRECO, JAQUELINE GOLLETTI, DARL ALLMAN, DEBORAH DEDOMINICUS individually and in their capacity as Council persons and  DONALD ZAHN individually and in his capacity as Mayor of the Borough of Freedom<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>) 2:10-cv-71<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 8th day of September, 2010, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION FOR RECONSIDERATION OF OPINION AND ORDER DATED APRIL 22, 2010 IN CONJUNCTION WITH PLAINTIFF'S FIRST AMENDED COMPLAINT (Document No. 14) filed by Plaintiff is **DENIED AS MOOT** and the MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Document No. 17) filed by Defendants is **GRANTED**.

The clerk shall docket this case closed.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/ Terrence F. McVerry
　　　　　　　　　　　　　　　　　　United States District Court Judge

cc: Mark A. Ciccarelli, Esquire
Email: mark.ciccarelli@comcast.net

Kyle T. McGee, Esquire
Email: kmcgee@margolisedelstein.com
Charles H. Saul, Esquire
Email: csaul@margolisedelstein.com